Strafford
No. 79-468

BARRINGTON EAST CLUSTER I UNIT OWNERS' ASSOCIATION & a.

v.

TOWN OF BARRINGTON & a.

August 5, 1981

*Anthony A. McManus*, of Dover, by brief and orally, for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*James H. Schulte* on the brief and orally), for the defendant Dover Federal Savings & Loan Association.

*Barrett & McNeill P.A.*, of Durham (*Malcolm McNeill, Jr.*, on the brief and orally), for the defendant Town of Barrington.

KING, C.J. The plaintiffs have appealed a decree of the superior court affirming the decision of the Barrington Zoning Board of Adjustment to grant the defendants, Dover Federal Savings & Loan Association and Lewis Barton, a special exception to the town zoning ordinance to construct a shopping mall on the bank's five-acre parcel of land in Barrington. We reverse.

The Dover Federal Savings & Loan Association owns approximately five acres of land on the east side of Route 125 in Barrington, New Hampshire. The plaintiffs own land abutting to the north and to the east of the bank's land. At the time of the bank's application for a special exception, it occupied a building on the north-

ern portion of its property, and the plaintiffs owned condominiums on their land. A single driveway served as access to both the plaintiffs' and the bank's property.

Both parcels of land were originally owned by Arthur G. Davis, who conveyed the five-acre lot to the bank in 1973. The deed from Davis to the bank also included a right-of-way for "road and entrance purposes" over a strip of land fifty feet wide abutting the northern border of the five-acre lot. That deed also reserved to Davis an easement over a strip of the land conveyed to the bank twenty-five feet wide abutting the strip over which the bank was given a right-of-way. Davis subsequently conveyed the land abutting the bank's property to the Barrington East Corporation expressly subject to the bank's right-of-way.

As a result of these transactions, the plaintiffs own the property abutting the bank's parcel immediately to the east. The plaintiffs also own a strip one hundred feet wide immediately adjacent to the northern boundary of the bank's land. The bank has a right-of-way over fifty feet of this one-hundred-foot strip abutting its property. The plaintiffs have an easement over the twenty-five feet of the bank's land abutting the bank's right-of-way.

The bank and Lewis Barton, a contractor, applied to the Barrington Zoning Board of Adjustment for a special exception to erect a shopping mall on the southern portion of the bank's land. The board granted the application subject to several conditions. The approved plan provided that access to the proposed mall would be direct from Route 125. However, the State Department of Public Works and Highways refused to permit direct access to the proposed mall and ruled that the access would have to be over the driveway then serving the bank and the condominiums.

A second application for a special exception was submitted because of that ruling. A public hearing was held on May 24, 1978. At the close of the hearing, the board voted to approve the application subject to five conditions, which are not material here. The plaintiffs filed a motion for rehearing which was denied. They then appealed to the superior court pursuant to RSA 31:77 (Supp. 1979). After a hearing, the Trial Court (*Mullavey*, J.) upheld the action of the board, and the plaintiffs appealed to this court. Throughout the appeals process, the bank proceeded at its own risk with the construction of the mall and indicated at oral argument that the project has been completed.

The plaintiffs contend that the trial court erred in holding that the board found the existence of the factors set forth in the ordinance for a special exception. We disagree.

■ ■ Article 5, section 2, of the Barrington zoning ordinance provides that:

"Although no specific area has been set aside for business or industry, the establishment of such an enterprise that can be shown to be an asset to the town is encouraged. The Board of Adjustment, before granting authorization, shall find that such business property, shall not cause a substantial diminution of area property values, shall not constitute a nuisance or a danger to the health, safety and general welfare of the community."

Although the board did not make specific findings, its decision to grant the special exception indicates that it found that the requirements for a special exception were met. *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 887 (1977). Although the disclosure of specific findings by a board often facilitates judicial review, the failure to disclose specific findings is not error where, as here, no request for such findings is made. *Id.*, 376 A.2d at 887.

■ ■ The plaintiffs also argue that the trial court erred in holding that the evidence supported the decision of the board to grant the special exception. Appeals to the superior court from decisions of local boards of adjustment are governed by RSA 31:78 (Supp. 1979). The burden of proof is on the appealing party to show that the decision of the board is unlawful or unreasonable. *Belanger v. City of Nashua*, 121 N.H. 389, 391, 430 A.2d 166, 168 (1981); RSA 31:78 (Supp. 1979). Furthermore, all findings of the board are *prima facie* reasonable and lawful. *Belanger v. City of Nashua, supra* at 391, 430 A.2d at 168; RSA 31:78 (Supp. 1979).

■ There must, however, be sufficient evidence before the board to support a favorable finding on each of the statutory requirements for a special exception. *Cf. Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 759, 423 A.2d 603, 606 (1980); *Hanrahan v. City of Portsmouth*, 119 N.H. 944, 947–48, 409 A.2d 1336, 1338–39 (1979). A review of the minutes of the hearing discloses that the bank presented no evidence that the proposed mall would not be "injurious to adjacent property . . . [would] not cause a substantial diminution of area property values . . . [and would] not constitute a nuisance or a danger to the health, safety and general welfare of the community." Nor did anybody at the hearing present any such evidence. On the contrary, several persons testified that the proposed mall would adversely affect the value of their condominiums

and would create serious traffic congestion. Although the board can rely on its personal knowledge of certain factors in reaching its decision, *Vannah v. Bedford*, 111 N.H. 105, 108, 276 A.2d 253, 255 (1971), its decision must be based on "more than [the] mere personal opinion . . . of its members." *See Durant v. Town of Dunbarton*, 121 N.H. 352, 430 A.2d 140 (1981); *Hanrahan v. City of Portsmouth, supra* at 948, 409 A.2d at 1339. Because the minutes of the hearing reveal that the board did not have sufficient information before it to make the required findings, we remand this case to the board for a rehearing, but do not suggest what results should then be reached. *Id.* at 949, 409 A.2d at 1339.

■ ■ The plaintiffs also contend that it was error for the board to grant the special exception because the zoning ordinance requires that "all applications for special exceptions shall be made by the owner or owners of record" and the condominiums owners, who are admittedly owners of the fee in the right-of-way to be used as access to the proposed mall, did not sign the application. The plaintiffs assert that the decision of the board to grant a special exception permitting the proposed mall is unlawful because the condominium owners did not join in the application. Because this issue is likely to arise on rehearing, we address it now. *See State v. Pugliese*, 120 N.H. 728, 731, 422 A.2d 1319, 1321 (1980).

The proposed mall was to be built on land owned exclusively by the bank. The only land of the plaintiffs involved in the plan was the land subject to the bank's right-of-way. The bank's plan called for the expansion of the existing driveway to its maximum size over the fifty feet of land owned by the condominium owners subject to the bank's easement, and over the abutting twenty-five feet of land owned by the bank subject to the easement of the condominium owners. Thus the plaintiffs' land was relevant to the bank's application for a special exception only because it provided access to the proposed development.

We are unaware of any provision of the Barrington zoning ordinance requiring the owner of a right-of-way to obtain a special exception to use that land as an access to a commercial development simply because the owner must obtain a special exception to proceed with his development. Boards of adjustment require that information regarding access to proposed projects be included in plans submitted in support of applications for a special exception not because the use of land for access to commercial developments requires a special exception, but because the effect of the proposed development on traffic patterns and congestion is a relevant factor in determining whether a special exception should be granted.

The plaintiffs do not argue that the bank's expansion of the driveway would exceed the scope of its easement, and we assume that it would not. Because the bank's proposed mall would be built entirely on its own property, and access to the mall would be over the bank's own land and the bank's right-of-way over the plaintiffs' property, we hold that it was not necessary for the plaintiffs to join in the bank's application for a special exception.

The plaintiffs' construction of the ordinance would require a person seeking a special exception to obtain the approval of the owners of any land intended to be used as an access to the proposed development. Thus, the State, cities, or towns would be necessary parties to any application for a special exception that would require the use of roads owned by them as access to the development. We will not adopt an interpretation of the ordinance that would lead to such absurd results.

*Reversed and remanded.*

BATCHELDER, J., did not sit; the others concurred.