Board of Taxation
No. 80-448

### APPEAL OF STEELE HILL DEVELOPMENT, INC.
### (New Hampshire Board of Taxation)

October 7, 1981

*Roger G. Burlingame*, of Franklin, by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the State.

KING, C.J.  The plaintiff, Steele Hill Development, Inc., appeals from an order of the board of taxation affirming a decision of the commissioner of the department of revenue administration. The commissioner denied the plaintiff's request for an abatement of additions to its tax liability for two tax years and for an abatement of penalties assessed for failure to pay timely its taxes for these years. We affirm.

In 1976, the plaintiff began to develop certain property in New Hampshire. It established a fiscal year ending on October 31, and the first taxable year for which it incurred an obligation to file a business profits tax return ended on October 31, 1977. Although

the plaintiff's tax return and payment of the tax were due on January 15, 1978, the plaintiff failed to meet that deadline.

The plaintiff's tax return and payment of its tax for the next fiscal year, ending on October 31, 1978, were due on January 15, 1979. The plaintiff instead on that date filed form BPT-104 entitled "Application for Extension of Time to File Business Profits Tax Return" and requested "an automatic 3 month extension of time . . ." to properly prepare a return. On January 23, 1979, the department of revenue administration notified the plaintiff that it had denied the request for an extension because the plaintiff had failed to pay the tax tentatively determined to be due. On April 16, 1979, the plaintiff filed its tax return for the 1977–78 fiscal year and a copy of its form BPT-104, and paid the tax due for that fiscal year.

Subsequently, the department again notified the plaintiff that the extension had not been granted, and the department assessed interest at a rate of one per cent per month for the four months that the tax had not been paid, RSA 77-A:7-a (Supp. 1979), which came to $406.92. In addition to the interest, the department assessed an additional tax of five per cent per month, or $2,034.60, for failing to file the return timely, RSA 71-A:36 (Supp. 1979), and imposed a penalty of ten per cent, or $1,017.30, for failing to pay the tax due, pursuant to RSA 71-A:38 I (Supp. 1979). The department effected payment of these assessments by distraint during September of 1979.

During September of 1979, the department also discovered that the plaintiff had never filed a tax return or paid a tax for the 1976–77 fiscal year and informed the plaintiff of this fact. The plaintiff then filed a return for that year, but did not pay the tax due until November 5, 1979. The department assessed interest at one per cent per month, or $1,460.80, assessed an additional tax of five per cent per month, or $1,660, and imposed a ten per cent penalty, or $664, for failure to pay the tax due.

Pursuant to RSA 77-A:14 (Supp. 1979), the plaintiff appealed to the board of taxation (the board) the department's imposition of additions to its tax for failure to file returns and penalties for failure to make timely payments of its tax. After a hearing de novo, the board denied the plaintiff's request for an abatement of the additions and penalties and found that "[t]he evidence [did] not support a finding that the [plaintiff] was not derelict in its legal duty to pay the tax. . . ." The plaintiff sought and obtained a rehearing. The board affirmed its ruling that the plaintiff had failed to meet its burden of proof on the impropriety of the

assessments and affirmed its previous order denying the abatement. The plaintiff then filed this appeal pursuant to RSA 541:6.

The plaintiff does not dispute the assessment of interest for failing to pay timely the tax due for each of the two years in question. The plaintiff contends that the imposition of additional taxes and penalties was improper because the board did not find that the failure to make timely filing of the returns and payments of the taxes was due to willful neglect or intentional disregard of the law, rather than to reasonable cause. *See* RSA 71-A:36, :38 (Supp. 1979). We disagree.

■ Although administrative agencies conducting hearings must honor requests for specific findings of fact and rulings of law submitted by the parties, *see Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 759, 423 A.2d 603, 606–07 (1980), such agencies need not make specific findings in the absence of requests. *See Barrington East Cluster I Unit Owners Association v. Town of Barrington*, 121 N.H. 627, 630, 433 A.2d 1266, 1268 (1981); *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 886 (1977). The plaintiff does not allege that the board refused specific requests for findings.

■ Although the board did not make specific findings that the plaintiff's misfeasance was due to willful neglect, the orders of the board clearly demonstrate that it was aware that the additional tax and penalties could be imposed only if the failure to file and pay timely was due to willful neglect or intentional violation of the law rather than to reasonable cause. Its order that the imposition of the assessments was proper indicates that it determined that the plaintiff's failure to file a tax return and pay the tax on time was not due to reasonable cause but to willful neglect. *See Barrington East Cluster I Unit Owners Association*, 121 N.H. at 630, 433 A.2d at 1268; *Pappas v. City of Manchester*, 117 N.H. at 625, 376 A.2d at 887.

■ The plaintiff contends that the board erroneously placed the burden of proving that its failure to file a tax return and pay the tax on time was due to reasonable cause rather than to willful neglect. We agree with the board that, if a tax system is to be effective, the assessments of the taxing authorities must be deemed correct and justifiable, and the burden of overturning the action of the board must be with the taxpayer. *See Public Serv. Co. v. Town of Ashland*, 117 N.H. 635, 640, 377 A.2d 124, 127 (1977); *Amsler v. Town of South Hampton*, 117 N.H. 504, 507, 374 A.2d 959, 960

(1977); *Trustees of Lexington Realty Trust v. Concord*, 115 N.H. 131, 132, 336 A.2d 591, 591 (1975).

■ The plaintiff acknowledges that the burden of proving an assessment to be incorrect is generally on the taxpayer, but argues that the general rule should not apply when the taxpayer challenges the imposition of additions and penalties rather than the underlying tax liability. There is no compelling reason to create such a distinction. Federal courts that have dealt with the precise issue and language similar to that before us have held that the burden of proving that the failure to file a tax return or to pay a tax timely was due to reasonable cause, rather than willful neglect, lies with the taxpayer. *See Estate of Geraci v. C.I.R.*, 502 F.2d 1148, 1149 (6th Cir. 1974), *cert. denied*, 420 U.S. 992 (1975); *Rubber Research, Inc. v. C.I.R.*, 422 F.2d 1402, 1407 (8th Cir. 1970).

The plaintiff next argues that the imposition of late filing and payment penalties for the fiscal year ending October 31, 1978, is unjust and unreasonable. *See* RSA 541:13. The plaintiff offers two main arguments in support of this contention. First, it argues that it filed an application for an automatic extension of time in which to file its return and was not notified that its application had been denied until several months after it had submitted its return and tax payment. Second, it argues that, although the board informed it by letter of November, 1979, that the application for an extension had been denied because payment of the estimated tax due did not accompany the application for extension as the statute required, the statute, RSA 77-A:9 (Supp. 1979), does not in fact require that the estimated tax be submitted with the request for an extension.

■■ With respect to the plaintiff's first point, we note that the record contains a letter from the department to the plaintiff dated January 23, 1979. This letter, dated just eight days after the plaintiff had filed its request for an extension, clearly stated that the application for an extension was denied for failure to submit the estimated tax due. With respect to the plaintiff's second point, we agree that, although the board stated that the statute required the payment of the amount tentatively determined to be due, the statute does not appear on its face to contain such a requirement. *See* RSA 77-A:9 (Supp. 1979). Regulations promulgated pursuant to RSA 77-A:15 III, however, explicitly state that an extension of time in which to file a return may be approved only if four requirements are met; one of these requirements is that "(3) [t]he 'business organization' *shall remit* with the [request for an exten-

sion] *100% of the business profits tax tentatively determined to be due. . . ."* Business Profits Tax Regulation 1-77-A:9-1(d)(3). The department had the authority, therefore, to deny the request for extension and impose penalties as it did. The plaintiff argues that the directions on the form BPT-104 did not make clear that payment of the amount tentatively determined to be due was a precondition to the extension of time in which to file a return. This may or may not be true, but in light of the clear language of the regulation, it would be no excuse for failing to submit the required payment.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.