Public Employee Labor Relations Board
No. 82-439

## APPEAL OF THE TOWN OF PLYMOUTH
### (New Hampshire Public Employee Labor Relations Board)

November 30, 1984

*Daniel D. Crean*, of Concord, by brief and orally, for the Town of Plymouth.

*Law Offices of James J. Barry, Jr., P.C.*, of Manchester (*James J. Barry, Jr.*, on the brief and orally), for the American Federation of State, County and Municipal Employees, AFL–CIO, Council No. 68.

SOUTER, J.   This is an appeal from a determination by the public employee labor relations board joining non-supervisory employees of the police and fire departments of the town of Plymouth to form one bargaining unit under RSA 273-A:8, I (Supp. 1983). We vacate the orders and remand for further proceedings before the board.

In 1981, the American Federation of State, County and Municipal

Employees, AFL–CIO, Council No. 68 unsuccessfully petitioned the board to determine that all of the town's employees should be treated as one appropriate bargaining unit under RSA 273-A:8, I, for purposes of collective bargaining. Thereafter the union petitioned for a determination that the employees of the town's police and fire departments should be combined as one bargaining unit. The town objected. The board designated one of its members to hear and decide the matter in the first instance. *See* RSA 273-A:8, III.

The record reveals that neither the fire department nor the police department had as many as ten employees eligible to form a bargaining unit alone. Since RSA 273-A:8, I, requires a minimum of ten in a unit, none of the employees in question could be represented in collective bargaining unless the employees of one of the departments were combined with employees of the other or with some other group. The hearing officer concluded that the employees of the two departments had the "community of interest" necessary to justify their combination in one bargaining unit, *id.* § I, and determined that employees of the two departments were an appropriate bargaining unit, with the exception of three supervisory employees. *See id.* §§ I, II.

The town appealed the determination to the board, which affirmed. *See id.* § III. The board later refused to rehear the matter. The board ordered an election to be held under RSA 273-A:10 (Supp. 1983), following which the petitioning union was certified as the exclusive bargaining representative of the unit. The town then brought this appeal.

The town has raised a number of issues. While some of them lack sufficient merit to warrant extended discussion here, three call for explicit attention.

■ First, the town argues that the denial of the union's first petition to combine all municipal employees in one unit collaterally estopped the union to seek the present determination that nonsupervisory police and fire department employees are an appropriate bargaining unit. This argument is unsound. Since the second petition covered only police and fire employees, the issue was different from the issue decided under the first petition, and no estoppel arises from the first determination. *See Bricker v. Crane,* 118 N.H. 249, 387 A.2d 321 (1978).

Second, the town argues that the board committed error in failing to make any findings of fact and rulings of law on two matters that the town claims require denial of the petition. We will deal with each of these arguably dispositive matters separately.

The first is said to arise under RSA 273-A:1, IX(b), which

excludes "[p]ersons appointed to office by the chief executive . . . body of the public employer" from the class of "public employees," eligible to organize under the chapter. The town alleges that the selectmen of Plymouth appoint all police and fire employees, who are therefore ineligible to join a bargaining unit.

Though the town requested the hearing officer to make findings of fact on this issue, he made none. The failure to do so was error under the rule often stated, that "administrative agencies conducting hearings must honor requests for specific findings of fact and rulings of law submitted by the parties . . . ." *Appeal of Steele Hill Development, Inc.*, 121 N.H. 881, 884, 435 A.2d 1129, 1131 (1981).

We note also that the town's argument assumes an interpretation of the statutory section cited. Since the town's interpretation, if sound, would be dispositive of the case, the board was obligated to make an express interpretive ruling. *See N.H. Dept. of Rev. Administration v. Pub. Emp. Lab. Rel. Bd.*, 117 N.H. 976, 380 A.2d 1085 (1977). The failure to do so was likewise error.

These errors require us to vacate the board's order granting the petition. On remand the board must deal with the issue raised. We caution the board that since the date of its original order on the petition, the legislature has enacted RSA 541-A:20 (Supp. 1983). This statute underscores and expands our prior case law by requiring State agencies to include "findings of fact and conclusions of law, separately stated" in final decisions of contested cases.

The second arguably dispositive matter on which the town claims that the board erroneously failed to rule is the town's position that the law precludes a combination of police and fire department employees in one bargaining unit. Counsel cites legislative history indicating that some legislators may have assumed there could be no such combination. *See* N.H.S. JOUR. 1069–70 (1975).

The town's request to the board for a ruling on this legal issue was terse, and there is no indication that the town pressed the issue before the board as it did before us, citing this legislative history. We think it is doubtful, therefore, that this issue was raised adequately below, and we would not reverse on this ground. Since the case will be remanded on other grounds, however, the town may pursue this issue if it chooses to do so, in which case the board will be obliged to make findings and rulings on the subject. *See* RSA 541-A:20.

Considering the case without regard to the issues we have discussed, the town has raised a third broad claim, that the record does not support the board's conclusion that the affected employees share

a sufficient community of interest to justify their joinder in one bargaining unit. While the hearing officer did make findings of fact on this issue, the town argues that the findings are too limited in substance and too conclusive in form. The town maintains that the findings do not satisfy the requirement that administrative agencies must expressly address all statutory criteria by "specific, although not excessively detailed, basic findings in support of [such] ultimate conclusions" as to the existence of community of interest. *Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 759, 423 A.2d 603, 607 (1980). The town argues further that the evidence is insufficient to support the board's conclusion.

While a majority of the court would not reverse the board on these points, all agree that the hearing officer's findings do not comply very generously with the quoted mandate. We do not, however, believe that extended analysis and comment on the officer's report would be worthwhile at this time. The further proceedings under this petition may result in a significantly different record of findings of fact before the board makes its final order, so that a discussion of the existing findings could be academic. It is enough to say that on remand the board has discretion to reconsider and recast its prior findings with more extensive responses to the criteria contained in the statute and the board's own rules. *See id.* and RSA 541-A:20 (Supp. 1983).

In summary, we hold that the findings and rulings in this case do not respond to all of the contested issues that the town legitimately raised. Accordingly, the board's determination of appropriate bargaining unit and the results of subsequent proceedings are vacated. The petition for determination of appropriate bargaining unit is remanded for further hearing and disposition consistent with this opinion.

*Remanded.*

All concurred.