Merrimack
No. 7633

GEORGE F. WUNDERLICH

v.

TOWN OF WEBSTER

March 31, 1977

*Gallagher, Callahan & Gartrell,* of Concord (*Mr. Donald E. Gartrell* orally) for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Mr. Richard F. Upton* orally) for the defendant.

BOIS, J. In 1973, the plaintiff purchased land and buildings in the town of Webster. At the time no zoning ordinance was in force. The premises consisted of a storefront unit and two apartments.

Plaintiff purchased the property with the intent of bringing the store to business life once again even though it had been closed since 1958.

While plaintiff's business intentions remained unannounced and unimplemented, the town moved to enact a zoning ordinance. In January 1974, the town adopted an interim ordinance, *see* RSA ch. 36-C (Supp. 1975), and on March 4, 1975, permanent zoning was enacted. The ordinance provided that the town "shall be a district of agricultural or residential uses only. Business, commercial and industrial uses are prohibited in this district except as hereinafter provided." The ordinance further provided that "[n]on-conforming properties lawfully in existence and in active use when this ordinance is passed and adopted may continue indefinitely in their present use."

By his own account, plaintiff had still taken no steps towards reopening the store by the time the permanent 1975 zoning ordinance was enacted. Constrained by financial limitations, his efforts during this time had been directed towards refurbishing the apartments. Plaintiff had knowledge of the zoning activities in the town; becoming concerned about the effect of the ordinance on his realty after the enactment of the permanent ordinance, he wrote the board of selectmen seeking recognition that his premises constituted a store from the time of his purchase in 1973. The selectmen replied that plaintiff's property would be recognized only as a single-family residence.

Plaintiff then decided to seek a variance from the board of adjustment. A hearing was held on May 22, 1975, after which the board voted to permit the use of the two apartments but to deny the operation of a store. The board reasoned:

> [Plaintiff] had made a substantial investment in conversion of the building to apartment use prior to the enactment of the zoning ordinance, whereby he probably acquired a vested right to complete his project and put it into use and/or it would be a definite hardship to deprive him of this use under all the circumstances.
>
> The use of the building as a store was abandoned about the year 1958 and the premises have not been used for a store since that date; therefore [plaintiff] has no similar vested right for use as a store and no hardship was shown.

Plaintiff appealed to the superior court the denial of the variance. Hearing was held before a Master (*Leonard E. Hardwick*, Esq.) and relief denied. The master's report was approved by the Presiding Justice (*Keller*, C.J.), and plaintiff's exceptions reserved and transferred.

Plaintiff's principal contention on appeal is that his planned business operation qualified as a nonconforming use. While recognizing that the ordinance classifies as nonconforming only property in "active [non-conforming] use," plaintiff relies on the New Hampshire zoning enabling statute which provides in part that "[a] regulation made under this subdivision shall not apply to existing structures nor to the *existing use* of any building . . . ." RSA 31:62. (Emphasis added.) Plaintiff's argument is that his planned and intended store constituted an "existing use" of the premises at the time the town ordinance was enacted.

■ We think it evident that mere plans to reopen the store did not amount to an "existing use" within the meaning of the statute. "No right to nonconforming use is perfected solely by the intent of a landowner . . . . Mere contemplated use is not an actual use of land which is protected by the courts as a vested right, or by ordinances which provide for the continuance of existing uses." 1 R. Anderson, American Law of Zoning § 6.18, at 345–46 (1968). "[A]n existing use means utilization of premises so that they may be known as being employed in the neighborhood for a given purpose." 8A E. McQuillin, The Law of Municipal Corporations § 25.186, at 25 (3d ed. 1976). The premises here had not been operated as a store since 1958, and at the time the zoning ordinance was enacted plaintiff had still taken no substantial steps toward the resumption of a commercial operation. Under these circumstances, it cannot be said that there was an existing commercial use. See *R. A. Vachon & Son, Inc. v. Concord,* 112 N.H. 107, 111–13, 289 A.2d 646, 648–49, 650 (1972). ("[The nonconforming use section of the zoning ordinance] was intended to apply to a use in fact existing on the land at the time of adoption of a new zoning ordinance. That, and that alone, may be continued. Here, plaintiff took no action . . . until after the zoning amendment.")

■ In the alternative, plaintiff contends that he is entitled to nonconforming use status under a provision of the ordinance stating that "[a]ny and all non-conforming property which is partially or totally destroyed by reason of obsolescence . . . may be restored

. . . if done within two (2) years . . . ." The board of adjustment properly held that this provision applied only to obsolescence occurring after enactment of the ordinance. Thus the provision is of no help to plaintiff.

We note that it is " 'the general policy of zoning to carefully limit the extension and enlargement of nonconforming uses.' " *Arsenault v. Keene,* 104 N.H. 356, 359, 187 A.2d 60, 62 (1962). The problem of nonconforming uses is a particularly difficult one for towns attempting systematic planning through zoning. *Lachapelle v. Goffstown,* 107 N.H. 485, 487, 225 A.2d 624, 625 (1967). If property owners were entitled to nonconforming use status based on their plans and hopes, municipalities would be presented with an even more difficult task. No rule of law or principle of fairness requires such a burden. It is important when an ordinance is enacted that present use be determinable.

The decision of the board of adjustment did not involve any error of law and the trial court did not find the decision to be "unjust and unreasonable."

Plaintiff finally suggests he is entitled to a "special exception" under the ordinance. This issue was not presented to the board. The board informed plaintiff that any future request he might make for a special exception would receive the board's consideration.

*Exceptions overruled.*

All concurred.