Hillsborough
No. 80-148

MARY BELANGER & a.

v.

CITY OF NASHUA & a.

May 11, 1981

*Gottesman & Hollis*, of Nashua (*David M. Gottesman* on the brief and orally), for the plaintiffs.

*Robert P. Sullivan*, of Nashua, on the brief and orally, for the defendants.

BOIS, J.  This case comes before us on appeal from a ruling of the superior court, which vacated an order of the Nashua Zoning Board of Adjustment as being unreasonable. The defendants, the City of Nashua and its zoning board of adjustment, argue that the court's denial of the city's request for a ruling that the zoning board's finding must be held "prima facie lawful and reasonable," RSA 31:78 (Supp. 1979), constituted reversible error. They also allege that the court erred in not determining the spirit of the zoning ordinance on the basis of the comprehensive plan according to which it was enacted. We disagree with the defendants' arguments and affirm.

The premises that are the subject of this appeal consist of a two-story building owned by the plaintiffs and located on Main Street in Nashua in a Class A Urban Residence District, as defined in the Nashua zoning ordinance. For approximately fifteen years prior to the request for a variance, Mary Belanger, one of the plaintiffs, has lived in the house and has operated a real estate office on the first floor. Although the zoning ordinance does not permit commercial use of property located in this zone, it does allow this particular use to continue as a non-conforming use because it pre-

dates the inception of the ordinance's prohibition. Nashua, N.H., Rev. Ordinances title 8, ch. 7, § 604 (1977). In contemplation of a sale of the premises, the plaintiffs, on October 25, 1979, applied to the Nashua Zoning Board of Adjustment for a variance that would allow for the expansion of the non-conforming commercial use throughout the house.

The zoning board held a hearing on November 27, 1979, at which it denied the plaintiffs' application because the requested use was "not in the spirit of the ordinance." After the plaintiffs had been denied a rehearing by the board, they filed an appeal to the superior court under RSA 31:77 (Supp. 1979). The Trial Court (*Goode*, J.), after a hearing on February 14 and 15, 1980, entered an order in which he denied certain of the city's requests for findings and vacated the zoning board's order. His order, from which the defendants appeal, further stated that:

> "Upon a consideration of all the evidence offered, the Court is persuaded by the balance of probabilities that the order of the Nashua Zoning Board of Adjustment is unreasonable. That order is accordingly vacated and this matter remanded to the City of Nashua for such further proceedings as may be required, not inconsistent with this ruling."

RSA 31:78 (Supp. 1979) states that "the burden of proof shall be upon the party seeking to set aside any order or decision of the board of adjustment . . . to show that the same is unreasonable or unlawful." The statute further provides that the trial court, in reviewing such a decision or order, must deem all *findings* of the board of adjustment "prima facie lawful and reasonable." RSA 31:78 (Supp. 1979). Additionally, the trial court shall not set aside or vacate such orders or decision, "except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable." *Id.; e.g., Slater v. Planning Board of Town of Rumney,* 121 N.H. 212, 215, 427 A.2d 511, 513 (1981); *Cook v. Town of Sanbornton,* 118 N.H. 668, 669, 392 A.2d 1201, 1202 (1978).

The defendants argue that the trial court erred in not regarding the findings of the zoning board as prima facie lawful and reasonable. They direct our attention to the court's denial of their request that "[t]he finding by the zoning board that the requested use would not be in the spirit of the ordinance must be held to be prima facie lawful and reasonable." Although this finding by the court might alone constitute error, when read in the

context of the court's ultimate finding of the unreasonableness of the zoning board's decision based on a balancing of the probabilities, and especially in conjunction with its denial of another of the defendants' requests by which it essentially concluded that the plaintiffs had *"overcome the statutory presumption of lawfullness and reasonableness of the finding of the zoning board"* (emphasis added), we find no error. *See Slater v. Planning Board of Town of Rumney supra; Sprague v. Town of Acworth*, 120 N.H. 641, 644, 419 A.2d 1075, 1076 (1980); *Burns v. Bradley*, 120 N.H. 542, 546–47, 419 A.2d 1069, 1072 (1980).

■ The defendants also had requested a finding that the plaintiffs had the "burden of proving . . . that the zoning board was unreasonable in its finding that the proposed use of the premises violated the spirit of the zoning ordinance." The court granted this request, "but only to the extent [the plaintiffs] must show that the order of the Board of Adjustment is unreasonable." We conclude that the court properly granted this request because the burden of proof that RSA 31:78 (Supp. 1979) imposes on a party appealing a zoning board decision is to show that the *order or decision* of the board is unreasonable or unlawful, not to show that the *findings* were unreasonable or unlawful.

The defendants next assert that the plaintiffs did not introduce relevant evidence which satisfied their burden of proving that the order of the zoning board was unreasonable. Alternatively, the defendants contend that they, in fact, presented the court with evidence, mainly the comprehensive plan of the city of Nashua, upon which to sustain the zoning board's decision that the expansion of this non-conforming use was not in the "spirit of the ordinance." They specifically argue that the spirit of the zoning ordinance must be determined in light of the comprehensive plan from which the ordinance is derived.

■ "[I]t is 'the general policy of zoning to carefully limit the extension and enlargement of nonconforming uses.'" *Wunderlich v. Town of Webster*, 117 N.H. 283, 286, 371 A.2d 1177, 1179 (1977) (quoting *Arsenault v. Keene*, 104 N.H. 356, 359, 187 A.2d 60, 62 (1962)); *see* 6 P. ROHAN, ZONING AND LAND USE CONTROLS § 41.03 [3][a] (1978). In discussing the need for communities to develop comprehensive or master plans as guidelines for local growth, we stated that "[t]owns may not refuse to confront the future by building a moat around themselves and pulling up the drawbridge." *Beck v. Town of Raymond*, 118 N.H. 793, 801, 394 A.2d 847, 852 (1978). *See generally* Haar, *In Accordance With a Comprehensive*

*Plan*, 68 HARV. L. REV. 1154 (1955). While we recognize the desired interrelationship between the establishment of a plan for community development and zoning, we believe that municipalities must also have their zoning ordinances reflect the current character of neighborhoods. The record is replete with evidence that the area in question has, indeed, gone through substantial changes from the time it was originally zoned for single family residential use. Accordingly, we conclude that the court's finding that the zoning board of adjustment was unreasonable in denying the plaintiffs' request for a variance was within the court's discretion and sufficiently supported by the evidence. That finding must therefore be upheld. *Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981) (citing *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 497, 389 A.2d 429, 432 (1978)); *Wheeler v. State*, 115 N.H. 347, 350, 341 A.2d 777, 780 (1975).

*Affirmed.*

All concurred.