Cheshire
No. 81-179

WILLIAM A. BURKE

v.

TOWN OF JAFFREY

June 9, 1982

*Brighton, Fernald, Taft & Hampsey P.A.*, of Peterborough (*Silas Little, III*, on the brief and orally), for the plaintiff.

*Goodnow, Arwe, Ayer, Prigge & Gardner*, of Keene (*William N. Prigge* and *John D. Wrigley* on the brief, and *Mr. Wrigley* orally), for the defendant.

PER CURIAM. This case arises from the Superior Court's (*Contas*, J.) dismissal of the plaintiff's appeal from a decision of the Jaffrey Zoning Board of Adjustment. We affirm.

The plaintiff applied to the board of adjustment for a special exception to erect fifty-six condominium units to be contained in seven different buildings on a 23.96 acre lot having a frontage of approximately 1,115 feet on Route 137 in Jaffrey. This application was a revised plan of a prior submission by the plaintiff to erect seventy units on the same parcel of land.

Section VI. H. of the "Land Use Plan For The Town of Jaffrey" (Revised March 11, 1980) provides "Guidelines for Board of Adjustment-Special Exceptions" as follows:

> "1. Unless otherwise specifically provided, the Board of Adjustment shall, before grant[ing] Special Exceptions, find that, in its judgment all the following conditions are met:
>
> a. The specific site is an appropriate location for such a use, structure or condition.

b. The use or activity will not be detrimental to the neighborhood nor significantly alter the characteristic of the district.

c. Adequate and appropriate facilities will be provided for the proper operation of the proposed use.

d. Such exceptions, if granted, would not adversely affect any other district or portion thereof."

Hence, in order to warrant the granting of an exception, an applicant must present to the Jaffrey Board of Adjustment satisfactory proof that all the requirements of section VI. H. of the "Land Use Plan" have been met.

In denying the plaintiff's prior seventy-unit application, on January 24, 1980, the board made the following statement:

"That while in the Board's opinion the site is appropriate for condominiums, the construction of 70 such units would significantly alter the rural character of the district. There was insufficient information provided at the hearing to insure that proper facilities will be provided and a site inspection leaves doubt that this site would support such concentration of population."

On April 8, 1980, the board of adjustment unanimously denied the plaintiff's amended petition for fifty-six units on the following grounds:

"That although reducing the number of units from 70 to 56, there was a minimal amount of additional information presented . . . to demonstrate that adequate and appropriate facilities could be provided for the proper operation of the proposed use. The Board also finds that said new information was insufficient. Furthermore, the construction of 56 [condominium] units would significantly alter the rural characteristic of the district."

It was eminently clear from the board's stated conclusions after both hearings that it was convinced that the plaintiff had failed to meet his burden of proving the existence of two of the *four required conditions* for the granting of a special exception. First, the board's conclusions revealed that the plaintiff failed to satisfy section VI. H.1.c., which requires that "[a]dequate and appropriate facilities will be provided for the proper operation of the proposed use." Second, the board's findings indicated that the plaintiff did not satisfy section VI. H.1.b., which requires that "[t]he use or activity will not . . . alter the characteristic of the district."

Following the board's denial of the plaintiff's motion for rehearing, the plaintiff appealed to the superior court under RSA 31:77 (Supp. 1981). The trial court found from the evidence, the exhibits, and a view, that the board's decision was not unlawful. Persuaded by the balance of probabilities that the board's decision was not unreasonable, the court dismissed the appeal. *See Belanger v. City of Nashua*, 121 N.H. 389, 391, 430 A.2d 166, 168 (1981).

■■ We have recently held, and the Jaffrey "Land Use Plan" clearly states, that there must be sufficient evidence before the board of adjustment to support a favorable finding on each of the requirements for a special exception. *See Barrington East Owners' Assoc. v. Town of Barrington*, 121 N.H. 627, 630, 433 A.2d 1266, 1268 (1981). On appeal, all findings of the board must be deemed *prima facie* reasonable and lawful. RSA 31:78 (Supp. 1981). The trial court therefore may not set aside a decision of the board of adjustment "except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said . . . decision is unreasonable." *Id.; see Belanger v. City of Nashua*, 121 N.H. at 391, 430 A.2d at 168. Furthermore, if any of the board's reasons for denial support its decision, then the plaintiff's appeal must fail. *Durant v. Town of Dunbarton*, 121 N.H. 352, 354, 430 A.2d 140, 142 (1981).

■ The plaintiff maintains that the finding and ruling of the board of adjustment that he has not met the requirements of section VI. H.1.c. of the "Land Use Plan" are illegal and unreasonable. To require that the plaintiff prove at this stage of the development of the project that adequate and appropriate facilities will be provided would, it is alleged, necessitate an inordinate expenditure estimated at $15,000.

The plaintiff, however, states in his brief that:

> "[h]e recognizes that much further work must be done on the property. Specifically, [he] recognizes that [N.H.] Water Supply and Pollution Control Commission approval is required for any on-site septic system and for the location of the wells . . . . Further, under the existing Town Ordinance in the Town of Jaffrey, [N.H.] Water Supply and Pollution Control Commission permits must be obtained before any building permit can be issued to [him]."

Contrary to the plaintiff's contentions, these statements suggest that the board's findings were not unreasonable.

■ In addition, there was evidence that the presence of a representative of the New Hampshire Water Supply and Pollution Control Commission could be obtained at the project site while the plaintiff's engineer was making test pits and obtaining soil. The board could properly have found that such a procedure would have lessened the financial burden and difficulties projected by the plaintiff in meeting the requirements of section VI. H.1.c.

The plaintiff further maintains that he presented a "qualified engineer" who testified concerning the ability of the site to support a sanitary waste disposal system and an on-site water supply. However, this engineer also testified that test pits and auger borings had been made, and that he could not conclude therefrom that there was room for the back-up systems needed. The testimony of another witness, moreover, revealed that if the soil at the proposed site was used for septic tank leach fields, its coarse nature and rapid transmission properties would create a potential pollution hazard, particularly with regard to the adjacent stream and wetland areas.

■■ The resolution of conflicts in the evidence and the determination of issues of fact are functions of the board. *Belknap Textiles, Inc. v. Belknap Industries, Inc.*, 121 N.H. 28, 30, 424 A.2d 1141, 1142 (1981). The board's findings with respect to section VI. H.1.c. will not be set aside if they could reasonably have been made on the evidence. *Town of Freedom v. Gillespie*, 120 N.H. 576, 581, 419 A.2d 1090, 1093 (1980).

■ After a review of the record, we find no error of law and conclude that the evidence supports a finding that the plaintiff failed to prove that he met the requirements of section VI. H.1.c. We therefore agree with the trial court's ruling that the plaintiff has not established, by a balance of probabilities, that the board's action was unreasonable. Because a favorable finding on all of the four conditions is mandated by the ordinance, and the unfavorable finding with respect to section VI. H.1.c. has been upheld, we need not address the arguments challenging the board's finding regarding section VI. H.1.b.

*Affirmed.*