Cheshire
No. 2007-475

NINE A, LLC

v.

TOWN OF CHESTERFIELD

Argued: April 30, 2008
Opinion Issued: June 3, 2008

*Bragdon & Berkson, P.C.*, of Keene (*H. Neil Berkson* and *Kelly E. Dowd* on the brief, and *Mr. Berkson* orally), for the plaintiff.

*Tower, Crocker & Mullins, P.A.*, of Jaffrey (*Thomas P. Mullins* on the brief and orally), for the defendant.

GALWAY, J. The plaintiff, Nine A, LLC, challenges a Superior Court (*Sullivan*, J.) order affirming decisions of the Chesterfield Zoning Board of Adjustment (ZBA) denying variance applications for development of a parcel of land bordering Spofford Lake in Chesterfield. On appeal the plaintiff argues that the superior court erred in finding that the requested variances violated the spirit of Chesterfield's zoning ordinance and were contrary to the public interest and that the superior court erred in not finding that the plaintiff satisfied the remaining variance requirements. We affirm.

The record supports the following relevant facts. The plaintiff owns approximately eighty-six acres of land in Chesterfield. Approximately six acres is bordered by Spofford Lake on one side and by Route 9A on the other side (the six-acre parcel). The remaining eighty acres is situated in the Residential District and it is located on the other side of Route 9A (the eighty-acre parcel).

The six-acre parcel has approximately 380 feet of frontage on Route 9A and approximately 1060 feet of frontage along Spofford Lake. It is located in the Spofford Lake District, which overlays the Residential District. Currently, the six-acre parcel contains a vacant 90,000 square foot institutional building, known as Spofford Hall, which was previously used as a rehabilitation facility. An on-site well and sewage treatment plant located on the eighty-acre parcel services the building.

In 1999, the Town of Chesterfield established the Spofford Lake District. While single-family dwellings are permitted uses in the Spofford Lake District, two-family dwellings and cluster developments are not. *See* CHESTERFIELD, N.H. ZONING ORDINANCE § 203.6a. All lots in the Spofford Lake District must be at least two acres in size and have at least 200 feet of road frontage. *See id.* § 203.4. Also, the building coverage in the Spofford Lake District cannot exceed ten percent of the lot, with total impermeable coverage (including building coverage) not to exceed twenty percent of the lot. *See id.* While the lot size and road frontage requirements may be reduced in cluster developments, *see id.* § 301.1, cluster developments are prohibited on parcels that are less than thirty acres in size, *see id.* § 301.2(A). Unlike the Spofford Lake District, the Residential District permits two-family residences and cluster developments. *See id.* § 203.2.

The plaintiff filed three separate variance applications with the ZBA for the purpose of redeveloping its property; however, only two applications are the subject of this appeal.

In March 2006, the plaintiff applied to the ZBA for two area variances, one from the 200-foot frontage requirement and the second from the two-acre lot minimum requirement in the Spofford Lake District. The plaintiff sought to subdivide the six-acre parcel into seven single-family lots ranging in size from approximately 0.70 acres to 0.95 acres, and with road frontage ranging from approximately 85 feet to 190 feet (the March 2006 Variance Application). Under this proposal, the eighty-acre parcel would remain undeveloped. The wells would be on the six-acre parcel and all septic systems would be located outside the Spofford Lake District.

In support of the March 2006 Variance Application, the plaintiff submitted a traffic analysis opining that the proposed residential development was expected to generate significantly less traffic than the previous, discontinued use of the property as well as a real estate appraisal opining that the proposed development would not decrease, but could potentially increase surrounding property values. It also submitted a summary of existing properties within the Spofford Lake District, which showed that 82% of existing properties are smaller than two acres, 63% are smaller than 0.75 acres, 69% have less than 200 feet of frontage and 39% have less than 100 feet of frontage. The plaintiff contended that the proposed development

would have less lot coverage than the existing lot coverage. The plaintiff argued that the proposed lots were comparable to 63% of existing properties in the Spofford Lake District. However, the ZBA found that those lots were developed before the Town of Chesterfield created the Spofford Lake District through which it increased the acreage and lot size requirements.

During the ZBA's deliberations on the application, the ZBA noted that, while the plaintiff applied for area variances, the plaintiff's request resembled a request for a cluster development without the requisite thirty-acre commitment. *See id.* § 301.2(A). The ZBA noted that "[t]he impact is great for a 6-acre parcel to have 7 houses." The ZBA indicated that the intent of the ordinance was targeted at not only septic issues, but also aesthetics and density around the lake. The ZBA denied the plaintiff's March 2006 Variance Application.

In June 2006, the plaintiff requested a use variance to replace Spofford Hall with a condominium cluster development, which would include seven detached, single-family houses on the six-acre parcel and three duplexes on approximately twenty-four acres of the eighty-acre parcel (the June 2006 Variance Application). The ZBA members viewed the site. Essentially, the same evidence was introduced as with the prior applications. The plaintiff contended that most of the thirty-acre cluster development would remain open space outside the Spofford Lake District. The ZBA indicated that it would consider approving development on the six-acre parcel of six single-family homes that conformed as closely as possible to the cluster regulations in frontage, setbacks, and other criteria as well as development of three single-family homes on the eighty-acre parcel. Thereafter, the ZBA stated, "To clarify, in making this motion, the Board is saying no to the application before the Board and yes to this concept subject to final subdivision planned presentation to this Board . . . . "

The plaintiff appealed the ZBA's denial of the three variance applications to the superior court and they were consolidated. After taking a view of the property, the superior court affirmed the ZBA's findings under the public interest and the spirit of the ordinance prongs of the variance requirements. Only the last two of these variance applications were appealed to this court.

"Factual findings of the ZBA are deemed *prima facie* lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of the probabilities on the evidence before it that the ZBA decision is unreasonable." *Garrison v. Town of Henniker*, 154 N.H. 26, 29 (2006). We, in turn, review whether the evidence before the superior court reasonably supports its findings. *Id.* at 30. "Only if we find a trial court's decision to be unsupported by the record

or erroneous as a matter of law will we overturn its judgment." *Hill v. Town of Chester*, 146 N.H. 291, 292-93 (2001).

■ The requirements that an applicant must meet for a variance to be granted are statutory in origin. *See* RSA 674:33, I(b) (Supp. 2007). Our cases interpreting RSA 674:33, I(b) recognize that the applicant bears the burden of proving the following five conditions in order to obtain a variance: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that literal enforcement of the ordinance results in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; (4) substantial justice is done; and (5) granting the variance will not diminish the value of surrounding properties. *Garrison*, 154 N.H. at 30.

By this appeal, the plaintiff does not challenge the legality of the ordinance itself. Instead, the plaintiff contends that the superior court erred in ruling that the variance requests were contrary to the public interest and violated the spirit of the ordinance in light of the record support, its findings that the development was "consistent with the existing lots surrounding the lake in size and perhaps character" and the fact that there was no evidence of danger to public health, safety or welfare.

As to the March 2006 Variance Application, the superior court ruled that the ZBA lawfully and reasonably found that even if the plaintiff's proposed lots were consistent with the majority of existing lots around Spofford Lake, such pre-existing lots were grandfathered and not a basis for bypassing the zoning ordinance. The superior court also ruled that the record supported the ZBA's finding that the proposal to create seven lots less than half the size required under the ordinance was not consistent with the spirit of an ordinance targeted at reducing density. The court noted support in the record regarding concerns with the density of the proposed development, such as the impact on traffic in the neighborhood and on the lake and effect on the surrounding natural environment. The court also noted that it was undisputed that the Town of Chesterfield created the Spofford Lake District to reduce density in that area. Accordingly, the superior court ruled that it could not find, by a balance of the probabilities, that the ZBA acted unreasonably in finding that the March 2006 Variance Application unduly conflicted with the basic objectives of the ordinance.

As to the June 2006 Variance Application, the superior court found that the ZBA reasonably concluded that the proposal was inconsistent with the spirit of the ordinance to limit density and address issues of over-development and overcrowding on the lake. The superior court concluded that the ZBA could have reasonably found that seven, two-story, 3,000 square foot homes on lots ranging from approximately 0.75 acres to 0.95 acres would negatively affect the views to and from the lake. The court

noted that there was support in the record that construction of the seven homes would increase traffic on the lake itself. Moreover, the superior court found that the record before the ZBA supported its concern with the effect that the seven homes would have on the old growth trees existing on the property. The superior court ruled that the ZBA reasonably found that the seven single-family homes would create an environment that was too dense in light of the purpose of the ordinance. The superior court ruled that the ZBA lawfully examined the specifics of the plaintiff's proposal and considered its environmental impact.

The superior court summarized its rulings, stating that:

> the ZBA reasonably and lawfully found that all three proposals conflicted in a significant manner with the spirit and intent of the Ordinance. The purpose of creating the Spofford Lake District was, among other things, to prevent the overcrowding of and avoid an undue concentration of population on and around the lake. Thus, two-family dwellings and cluster developments, among other things, are excluded from the Lake District. . . . [I]n reviewing the petitioner's proposals, [the ZBA] reasonably found that granting the variances would result in an overcrowding and overdevelopment of the property, and thus, be inconsistent with the spirit and intent of the Ordinance.

■ ■ We have previously stated that, to be contrary to the public interest, the variance must unduly, and in a marked degree conflict with the ordinance such that it violates the ordinance's basic zoning objectives. *Malachy Glen Assocs. v. Town of Chichester*, 155 N.H. 102, 105 (2007). In determining whether granting a variance violates an ordinance's basic zoning objectives, we look to, among other things, whether it would alter the essential character of the locality or threaten public health, safety or welfare. *Id.* at 105-06. Such examples are not exclusive. The requirement that the variance not be "contrary to the public interest" is "related to the requirement that the variance be consistent with the spirit of the ordinance." *Chester Rod & Gun Club v. Town of Chester*, 152 N.H. 577, 580 (2005). "The public interests are protected by standards which prohibit the granting of a variance inconsistent with the purpose and intent of the ordinance, which require that variances be consistent with the spirit of the ordinance, or which permit only variances that are in the public interest." *Id.* at 581 (quotation omitted).

The ZBA examined an existing cluster development subdivision around Spofford Lake that consists of six residences on six acres. It noted that the subdivision was developed prior to 1999, at which time cluster development was permitted and therefore a variance was not required when that

property was developed. The ZBA stated that the Town of Chesterfield passed the Spofford Lake overlay district in 1999 specifically to preserve the lake. To this end, certain high-density uses, such as cluster developments, were prohibited from the district. *Compare* CHESTERFIELD, N.H. ZONING ORDINANCE § 203.2(E) *with id.* § 203.6a.

The plaintiff argues on appeal that its proposal to replace a nonconforming use with a less intensive, more conforming use is consistent with the public interest and the spirit of the ordinance. We recognize that there may be situations where sufficient evidence exists for a zoning board to find that the spirit of the ordinance is not violated when a party seeks to replace a nonconforming use with another nonconforming use that would not substantially enlarge or extend the present use. *See Wentworth Hotel, Inc. v. New Castle*, 112 N.H. 21, 25 (1972). Here, however, the superior court reasonably concluded that the mere fact that the plaintiff proposed to replace a single nonconforming building with seven residential structures that also are not conforming, did not compel the ZBA to grant the variance. As the superior court reasoned, the plaintiff's approach would permit it to put a property to any nonconforming residential use, regardless of the intent of the ordinance or public interest. If that were the case, the Chesterfield Zoning Ordinance and much of RSA 674:33, I(b) would be rendered meaningless.

We note that this case is distinguishable from *Malachy Glen*. In that case, the applicant sought an area variance from an ordinance targeted at protecting wetlands. *Malachy Glen Assocs.*, 155 N.H. at 104. There, the variance was granted in part because the evidence established that no injury would result to the wetlands and therefore granting the variance would not be contrary to the ordinance's intent to protect wetlands. *Id.* at 106. Here, however, the ZBA found that granting the variance would be contrary to the town's intent to reduce density around the lake. Moreover, unlike in this case, *Malachy Glen* did not involve a change in the ordinance. Prior to enacting the Spofford Lake District, the character of the neighborhood around the lake included smaller lots with less road frontage. Recognizing the need to preserve Spofford Lake, the Town of Chesterfield wanted to reduce density around the lake and enacted an ordinance increasing lot size and frontage requirements. To deny the town the ability to make such changes would undermine its ability to carry out the purposes of zoning in light of changing conditions. *See* RSA 674:17, I (Supp. 2007).

Relying upon the principle that a zoning ordinance must reflect the current character of the neighborhood, *see Simplex Technologies v. Town of Newington*, 145 N.H. 727, 731 (2001); *Belanger v. City of Nashua*, 121 N.H. 389, 393 (1981), the plaintiff argues that the spirit and intent of the

ordinance is satisfied in this case because its proposed use is consistent with the current character of the neighborhood. While we have previously stated that a town's zoning ordinances should reflect the current character of neighborhoods, *Belanger,* 121 N.H. at 393, other considerations may be taken into account as well. As such, the current character of the neighborhood does not necessarily preclude a town from enacting an ordinance targeted at altering the neighborhood's character when a sufficient basis exists to do so.

Here, the lake is a unique natural resource that the Town of Chesterfield determined needed protection. While the Town of Chesterfield previously permitted cluster residences in the Spofford Lake District, it determined that such zoning interfered with the preservation of the lake. The superior court concluded that, by prohibiting two-family dwellings and cluster developments, the Spofford Lake District was created to prevent, among other things, the overcrowding of, and undue concentration of population on and around, the lake. *See* RSA 674:17, I(e), (g) (Supp. 2007) (two of the statutory purposes of zoning ordinances are to "prevent overcrowding of land" and "undue concentration of population"). Thus, the need to preserve a unique natural resource outweighed having the character of the neighborhood control the zoning ordinance.

We further distinguish *Belanger* on the basis that after the ordinance at issue in that case was enacted, the current character of the neighborhood surrounding the applicant's property substantially changed. *Belanger,* 121 N.H. at 393. Thus, the zoning imposed upon the applicant did not reflect the evolution of the surrounding properties that had occurred after the town enacted the ordinance. Conversely, in this case, the plaintiff seeks to use the character of properties developed before the town enacted the ordinance as the basis for granting the variance. The superior court rejected the plaintiff's argument that it was entitled to a variance to develop residential properties similar in acreage and frontage to nonconforming existing lots that were developed under different zoning standards. As the court correctly reasoned, if that were the case, any landowner proposing to build on a lot consistent in size with preexisting lots would be entitled to an area variance. Such a result would unduly conflict with the intent of the ordinance in creating the Spofford Lake District, and deprive the town of its ability to further the purpose of the ordinance.

The minimum lot requirement and the minimum frontage requirement of the Spofford Lake District evidence an intent to reduce the density of buildings in that region. Here, the plaintiff proposed to develop seven lots that did not conform to the acreage and frontage requirements, and that would contribute to lakeside congestion and overdevelopment. Moreover,

under the plaintiff's proposals for cluster development, the majority of the "cluster" would be on the six-acre parcel. The ZBA could reasonably have found that proposal to be contrary to the public interest and inconsistent with the spirit of the ordinance. *See Bacon v. Town of Enfield*, 150 N.H. 468, 473 (2004). "The purpose of a variance is to allow for a waiver of the strict letter of the zoning ordinance without sacrifice to its spirit and purpose." *Simplex*, 145 N.H. at 729 (quotation omitted). Further, "[t]he purpose of zoning an area for single family use is to prevent the overcrowding of land and to avoid undue concentration of population." *Beaudoin v. Rye Beach Village Dist.*, 116 N.H. 768, 771 (1976) (quotations omitted); *see also* RSA 674:17 (Supp. 2007). Thus, we conclude that the superior court did not err in ruling that the ZBA's denial was reasonable.

"Throughout the proceedings, [the plaintiff] held the burden of proving all elements necessary for the granting of a variance, including the requirement that the variance will not be inconsistent with the spirit of the ordinance" and not contrary to the public interest. *Bacon*, 150 N.H. at 473. Given the evidence before the ZBA and the level of deference in our standard of review, we cannot find that the superior court erred in concluding that the ZBA acted reasonably and lawfully in denying the variance. *See id.*; *Vigeant v. Town of Hudson*, 151 N.H. 747, 750 (2005) (findings of trial court were within its sound discretion, particularly when a view was taken).

Because we uphold the superior court's ruling that the plaintiff did not satisfy its burden of proving that its proposed use was not contrary to the public interest and was consistent with the spirit of the ordinance, we need not address whether the plaintiff satisfied the remaining requirements for granting a variance. *See Rowe v. Town of North Hampton*, 131 N.H. 424, 429-30 (1989).

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.