NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
No. 2017-0225


BRIAN M. PERREAULT & a.

v.

TOWN OF NEW HAMPTON

Argued:  January 18, 2018
Opinion Issued:  July 20, 2018


Alvin E. Nix, Jr., of Laconia, by brief and orally, for the plaintiffs.


Mitchell Municipal Group, P.A., of Laconia (Laura Spector-Morgan on the brief and orally), for the defendant.


HANTZ MARCONI, J.  The plaintiffs, Brian M. and Margaret A. Perreault, appeal an order of the Superior Court (O'Neill, J.) upholding the denial of their requested variance by the Town of New Hampton Zoning Board of Adjustment (ZBA).  We affirm.

The record reflects the following facts.  The plaintiffs own approximately 0.3 acres on the shore of Lake Waukewan in New Hampton.  Per the town's zoning ordinance, the property is subject to a twenty-foot side yard setback and a thirty-five-foot front setback along the road.  It is also subject to a fifty-foot setback along the lake shore pursuant to the Shoreland Water Quality Protection Act.  See RSA 483-B:9, II(b) (2013).  The property is sloped and

contains a house, a deck, and three plastic, movable sheds used to store various home and recreational items. The plaintiffs sought to replace the plastic sheds with a ten-by-sixteen-foot permanent shed, which they planned to construct on the western side of the property. The proposed location of the permanent shed is approximately one foot from both the western abutting property line and an existing shed on the abutting property. The proposal, therefore, would have placed the permanent shed within the twenty-foot side setback. Accordingly, the plaintiffs sought a variance from the side setback requirement.

The ZBA conducted four public hearings and two site visits during its evaluation of the plaintiffs' request for a variance. The ZBA received an e-mail from the western abutters supporting the plaintiffs' request, as well as a letter from the town fire chief confirming that the proposed location of the permanent shed did not pose safety concerns. The plaintiffs explained to the ZBA their reasons for choosing the proposed location, and acknowledged that there was a different, albeit less desirable, location on their property — outside of the twenty-foot setback — where they could build the permanent shed.

The ZBA ultimately denied the plaintiffs' variance application. The ZBA found that the slope of the property was "not . . . egregious" compared to other lots in the same area, and that it was possible to build the permanent shed in a location that conformed to the setbacks. The ZBA also found that "[t]he spirit of the ordinance, in terms of wanting to control overbuilding, is important because allowing many sheds to be built on a small lot within those setbacks creates overcrowding and is contrary to the spirit of the ordinance."

The plaintiffs requested a rehearing and submitted evidence of seven "similar" variances that the ZBA had granted for other lakeside lots. They also submitted evidence of sixteen other properties, all located on the same road as the plaintiffs' property, with storage buildings in locations that the plaintiffs asserted were in violation of the setback requirements. According to the plaintiffs, this evidence demonstrated that their proposed shed would not alter the essential character of the neighborhood or threaten the public health, safety, or welfare. The plaintiffs asserted that the ZBA's denial of their application was unreasonable given the comparable circumstances on other neighborhood properties.

After granting a rehearing, receiving additional evidence, and conducting another site visit, the ZBA unanimously voted to deny the plaintiffs' request for a variance. The ZBA concluded that the other neighborhood properties and previous variances identified by the plaintiffs were distinguishable from the plaintiffs' circumstances. The ZBA also found that the plaintiffs failed to establish four of the five criteria required to grant a variance. See RSA 674:33, I(b)(1)-(5) (2016) (listing criteria); Nine A, LLC v. Town of Chesterfield, 157 N.H. 361, 365 (2008) (noting variance applicant bears burden of demonstrating

2

criteria are met).  Regarding the public interest and spirit of the ordinance criteria, the ZBA found that "[g]ranting the variance would be contrary to the public interest because the essential character of the neighborhood and the cumulative impact of granting this and similar variances to others in the neighborhood jeopardizes the goals of the setback requirements in the [z]oning [o]rdinance," which the ZBA identified as "prevent[ing] safety issues and[,] in this case, overbuilding on lots."  The ZBA also found that the plaintiffs had failed to meet the substantial justice and unnecessary hardship criteria.

The plaintiffs appealed to the superior court, see RSA 677:4 (2016), which affirmed the ZBA's decision on the public interest, spirit of the ordinance, and substantial justice criteria.  The superior court did not address the unnecessary hardship requirement.

On appeal to this court, the plaintiffs argue that the superior court erred in upholding the ZBA's findings that granting the variance (1) would be contrary to the public interest and would violate the spirit of the zoning ordinance, and (2) would not do substantial justice.  See RSA 674:33, I(b)(1)-(3).  The plaintiffs further contend that the ZBA was compelled to find that literal enforcement of the ordinance would result in an unnecessary hardship. See RSA 674:33, I(b)(5).

Judicial review in zoning cases is limited.  Bartlett v. City of Manchester, 164 N.H. 634, 639 (2013).  The superior court must treat all factual findings of the ZBA as prima facie lawful and reasonable, and may not set aside or vacate the ZBA's decision, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that the decision is unreasonable.  Id.; see RSA 677:6 (2016).  The review by the superior court is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence upon which they could have been reasonably based. Dartmouth Corp. of Alpha Delta v. Town of Hanover, 169 N.H. 743, 750 (2017). In turn, we will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous.  Harborside Assocs. v. Parade Residence Hotel, 162 N.H. 508, 512 (2011).

Under RSA 674:33, I(b), a zoning board of adjustment has the power to grant a variance if: (1) "[t]he variance will not be contrary to the public interest"; (2) "[t]he spirit of the ordinance is observed"; (3) "[s]ubstantial justice is done"; (4) "[t]he values of surrounding properties are not diminished"; and (5) "[l]iteral enforcement of the provisions of the ordinance would result in an unnecessary hardship."  RSA 674:33, I(b)(1)-(5).  The variance applicant bears the burden of demonstrating that all five criteria are met.  See Nine A, LLC, 157 N.H. at 365.

With respect to the first and second criteria, we have recognized that "[t]he requirement that the variance not be contrary to the public interest is related to the requirement that the variance be consistent with the spirit of the ordinance." Malachy Glen Assocs. v. Town of Chichester, 155 N.H. 102, 105 (2007) (quotation omitted). "The first step in analyzing whether granting the variance would not be contrary to the public interest and would be consistent with the spirit of the ordinance is to examine the applicable ordinance." Harborside Assocs., 162 N.H. at 514. "As the provisions of the ordinance represent a declaration of public interest, any variance would in some measure be contrary thereto." Id. (quotation omitted). Therefore, "[m]ere conflict with the terms of the ordinance is insufficient." Id. Rather, to be contrary to the public interest and inconsistent with the spirit of the ordinance, the variance must unduly and in a marked degree conflict with the ordinance such that it violates the ordinance's basic zoning objectives. See id.; Nine A, LLC, 157 N.H. at 366. "In determining whether granting a variance violates an ordinance's basic zoning objectives, we look to, among other things, whether it would alter the essential character of the locality or threaten public health, safety or welfare. Such examples are not exclusive." Nine A, LLC, 157 N.H. at 366 (citation omitted).

The plaintiffs contend that the superior court erred in upholding the ZBA's findings that granting a variance for the proposed permanent shed would be contrary to the public interest and inconsistent with the spirit of the ordinance. They argue that the proposed shed would not alter the essential character of the neighborhood because several other properties in the neighborhood have outbuildings within the setbacks. They maintain that the existence of these outbuildings on neighboring properties, along with the lack of objection from the western abutters and the town fire chief, demonstrate that the proposed shed poses no threat to the public health, safety, or welfare.

The superior court concluded that the ZBA's denial of the plaintiffs' variance on the public interest and spirit of the ordinance criteria was not unreasonable or unlawful. See RSA 677:6. The court reasoned:

> The ZBA specifically found that allowing the requested variance would jeopardize the goal[s] of the setback requirement[s], which the ZBA concluded w[ere] "to prevent safety issues" and "overbuilding on lots." With respect to safety issues, the ZBA acknowledged that the Town's Fire Chief did not have concerns with the proposed location, despite the fact that the shed would be constructed approximately one foot from an existing shed on the abutter's property. However, the ZBA reasonably considered the cumulative effect that such variances may have on the area. While many of the ZBA's concerns focused on the aesthetic environment of the neighborhood and the desire to avoid the appearance of

4

overcrowding, the ZBA is entitled to rely on aesthetics alone in
making its determination.

(Citations omitted.)

In concluding that "the ZBA reasonably considered the cumulative effect
that such variances may have on the area," the superior court relied on
language from Chief Justice Broderick's opinion in Bacon v. Town of Enfield,
150 N.H. 468 (2004). There were three opinions in Bacon, however: the lead
opinion by Chief Justice Broderick; a special concurrence authored by Justice
Duggan and joined by Justice Dalianis; and a dissenting opinion authored by
Justice Nadeau and joined by retired Chief Justice Brock. Chief Justice
Broderick, Justice Duggan, and Justice Dalianis — three of the five justices —
affirmed the superior court's decision upholding the zoning board's denial of
the requested variance, but Justices Duggan and Dalianis affirmed the decision
on a different basis than Chief Justice Broderick. Compare Bacon, 150 N.H. at
472-73 (Broderick, C.J.) (affirming denial of variance on spirit of the ordinance
requirement), with id. at 475 (Duggan and Dalianis, JJ., concurring specially)
(affirming denial of variance on unnecessary hardship requirement). Bacon,
therefore, is a plurality decision. See Ryan C. Williams, Questioning _Marks_:
Plurality Decisions and Precedential Constraint, 69 Stan. L. Rev. 795, 827
(2017) ("The distinctive feature of a plurality decision is . . . the existence of a
majority agreement on the judgment in a particular case without a
corresponding agreement on the underlying rationale that supports that
judgment." (footnote omitted)). Consequently, the reasoning contained in Chief
Justice Broderick's opinion in Bacon is not binding precedent, but rather, at
most, persuasive authority. See In re Shelby R., 148 N.H. 237, 248 (2002)
(Duggan, J., concurring in part and dissenting in part) (plurality decision of
this court is not binding precedent); see also University of Texas Med. Branch
v. York, 871 S.W.2d 175, 176-77 (Tex. 1994) (addressing precedential effect of
state supreme court's plurality decision and noting that "the judgment itself
has very limited precedential value and would control the result only in
identical cases," while the plurality opinion is not binding authority, although
the case may be used "for guidance"); State v. Johnson, 270 P.3d 591, 596
(Wash. 2012) ("A plurality has little precedential value and is not binding."); cf.
Harborside Assocs., 162 N.H. at 518 (noting that the Bacon special
concurrence "lacks precedential value").

Since Bacon, we have yet to apply, in a published opinion, the concept of
cumulative impact in a zoning case. Here, because the plaintiffs do not
challenge the superior court's reliance on Bacon or its consideration of
cumulative impact, we assume, without deciding, that cumulative impact is a
proper consideration in the variance context.

Given that assumption, we conclude that the superior court's decision
was not unreasonable or unlawful. We have recognized that preventing

5

overcrowding may be a legitimate purpose of a zoning ordinance. See Nine A, LLC, 157 N.H. at 368 (explaining that a municipality may prohibit two-family dwellings and cluster developments to prevent "overcrowding of, and undue concentration of population on and around, [a] lake"); see also RSA 674:17, I(e) (2016) (listing "prevent[ing] the overcrowding of land" as a statutory purpose of zoning ordinances). The record supports the ZBA's finding that "prevent[ing] safety issues" and "overbuilding on lots" are among the purposes of the zoning ordinance's setback requirements. The superior court, relying on Asselin v. Town of Conway, 137 N.H. 368 (1993), concluded that the ZBA did not act unreasonably or unlawfully when it "focused on the aesthetic environment of the neighborhood and the desire to avoid the appearance of overcrowding" in determining that granting "the requested variance would jeopardize the goal[s] of the setback requirement[s]." See Asselin, 137 N.H. at 371-72 (holding that "municipalities may validly exercise zoning power solely to advance aesthetic values, because the preservation or enhancement of the visual environment may promote the general welfare" (emphasis omitted)). We find no error of law in this conclusion.

We also find support in the record for the ZBA's finding that granting the requested variance would "jeopardize" one of the purposes of the setback requirements: preventing overbuilding on lots. As the superior court noted, the ZBA visited the property twice and concluded that "the proposed shed would contribute to congestion already in the area." Cf. Nine A, LLC, 157 N.H. at 362, 365 (affirming superior court's ruling "that the [zoning board] reasonably concluded that the proposal was inconsistent with the spirit of the ordinance to limit density and address issues of overdevelopment and overcrowding on the lake").

The plaintiffs' claims of error on appeal focus on the evidence they submitted to the ZBA of other neighborhood properties that allegedly have outbuildings within the setbacks. As the superior court noted, the ZBA found that the seven variances identified by the plaintiffs did not bear on their application because these variances were either granted when different variance criteria applied, see Boccia v. City of Portsmouth, 151 N.H. 85 (2004), superseded by Laws 2009, 307:6, or the properties were distinguishable from the plaintiffs' lot. Cf. Nine A, LLC, 157 N.H. at 368 (affirming superior court's rejection of argument that applicant "was entitled to a variance to develop residential properties similar in acreage and frontage to nonconforming existing lots that were developed under different zoning standards"). Furthermore, the ZBA found that the majority of the outbuildings on the neighborhood properties identified by the plaintiffs either existed prior to the enactment of the setback requirements or were not, in fact, within any setback. Cf. id. (rejecting applicant's attempt "to use the character of properties developed before the town enacted the ordinance as the basis for granting the variance"). The superior court noted that with respect to the other outbuildings, the town was not previously aware of these structures and was "in the process of

6

determining the legality of same." The superior court concluded that "evidence of other similar outbuildings in the area did not require the ZBA to grant the [plaintiffs' requested] variance." This conclusion was not error.

Given the evidence before the ZBA, and the considerable deference reflected in our standard of review, we cannot find that the superior court erred in concluding that the ZBA acted reasonably and lawfully in finding that the plaintiffs' requested variance would violate the spirit of the ordinance and would be contrary to the public interest. See id. at 369. Because we uphold the superior court's ruling as to these two criteria, we need not address its ruling as to the substantial justice requirement or the plaintiffs' contention that they met the unnecessary hardship requirement. See id.

Affirmed.

LYNN, C.J., and HICKS and BASSETT, JJ., concurred.