**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0042, <u>Town of Derry Town Council v. Town of Derry Zoning Board of Adjustment & a.</u>, the court on November 28, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The Town of Derry Town Council (town council) appeals an order of the Superior Court (<u>Schulman</u>, J.) upholding a decision of the Town of Derry Zoning Board of Adjustment (ZBA) to grant a variance allowing a self-storage facility to be operated on a parcel of land located in the town's low density residential zoning district. The town council challenges the trial court's determination that the ZBA's findings as to each of the essential elements required for the variance were reasonably based on the evidence presented.

To obtain a variance, an applicant is required to prove that literal enforcement of the zoning ordinance will result in an unnecessary hardship, and that granting the variance (1) is not contrary to the public interest, (2) is consistent with the spirit of the zoning ordinance, (3) will accomplish substantial justice, and (4) will not diminish surrounding property values. RSA 674:33, I(b) (2016) (amended 2018); <u>see</u> <u>Nine A, LLC v. Town of Chesterfield</u>, 157 N.H. 361, 365 (2008) (observing that applicant bears burden of proving each of the five conditions required to obtain a variance). In reviewing a decision to grant a variance, the trial court is required to treat the ZBA's findings as <u>prima</u> <u>facie</u> lawful and reasonable, and may not set aside or vacate the decision, except for errors of law, unless the court is persuaded, by the balance of probabilities on the evidence before it, that the decision is unreasonable. RSA 677:6 (2016); <u>see</u> <u>Perreault v. Town of New Hampton</u>, 171 N.H. ___, ___, 193 A.3d 266, 268 (2018). The trial court's role is not to determine whether it agrees with the ZBA's findings, but rather to determine whether there is evidence upon which they reasonably could have been based. <u>Perreault</u>, 171 N.H. at ___, 193 A.3d at 268. We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. <u>Id</u>.

As the appealing party, the town council has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the town council's challenges to it, the relevant law, and the record submitted on appeal,

we conclude that the town council has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<b>Eileen Fox,<br>Clerk</b>