# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0665, <u>Little Tree Education, LLC & a. v. City of Dover</u>, the court on September 18, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, Little Tree Education, LLC and Coldstream Properties, LLC, appeal an order of the Superior Court (<u>Howard</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the respondent, the City of Dover (city), to grant a variance allowing a presently-existing elderly assisted care home to increase its capacity from twelve beds to twenty-four beds. <u>See</u> RSA 674:33, I (Supp. 2019). By so increasing the capacity of the facility, the property's use will be reclassified from an elderly assisted care home to an assisted living facility. Under the terms of the city's zoning ordinance, neither use is permitted within the Hotel/Retail zoning district, where the facility is located. However, the facility is permitted to operate as an elderly assisted care home with twelve beds by virtue of two prior variances granted by the ZBA.

To obtain a variance, an applicant is required to prove that literal enforcement of the zoning ordinance will result in an unnecessary hardship, and that granting the variance (1) is not contrary to the public interest, (2) is consistent with the spirit of the zoning ordinance, (3) will accomplish substantial justice, and (4) will not diminish surrounding property values. RSA 674:33, I(a)(2); <u>see</u> <u>Nine A, LLC v. Town of Chesterfield</u>, 157 N.H. 361, 365 (2008) (observing that applicant bears burden of proving each of the five conditions required to obtain a variance). In reviewing a decision to grant a variance, the trial court is required to treat the ZBA's findings as <u>prima</u> <u>facie</u> lawful and reasonable, and may not set aside or vacate the decision, except for errors of law, unless the court is persuaded, by the balance of probabilities on the evidence before it, that the decision is unreasonable. RSA 677:6 (2016); <u>see</u> <u>Perreault v. Town of New Hampton</u>, 171 N.H. 183, 186 (2018). The trial court's role is not to determine whether it agrees with the ZBA's findings, but rather to determine whether there is evidence upon which they reasonably could have been based. <u>Id</u>. We, in turn, will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. <u>Id</u>.

The petitioners own and operate a preschool in the Town of Madbury serviced by a public water supply well that is down-gradient from where the applicants propose to locate a secondary leach field. In arguing that the ZBA acted unreasonably, the petitioners emphasize "two key points": (1) they presented uncontested evidence from a hydrogeologist that, due to concerns about water quality, it "may be more appropriate[ to] route" sewerage from the facility to a city sewer line located a half-mile from the facility; and (2) the applicants represented that connecting to a private main servicing a property located across the highway from the facility would cost approximately the same as installing the leach field. The petitioners further stress that, in all zoning districts where assisted living facilities are permitted, the city's zoning ordinance expressly requires that they be connected to municipal sewer.

The city counters that: (1) the hydrogeologist's opinion lacked sufficient certainty; (2) there is no requirement in the Hotel/Retail district to connect to municipal sewer unless, under a separate sewer ordinance, the property is within 100 feet of a municipal sewer line; and (3) the applicants discussed only the possibility of connecting to their neighboring property owner's private main, not the cost of directly connecting to the municipal main a half-mile away. The city further emphasizes that, to address the petitioners' concerns, the ZBA conditioned the variance upon approval by the New Hampshire Subsurface Systems Bureau and the Town of Madbury of the septic system and approval by the New Hampshire Drinking Water Bureau of the well, and that the city's planning board separately required approval of a drug use and disposal plan as recommended by the hydrogeologist. On appeal, the petitioners challenge the trial court's determination that the ZBA's findings as to each of the five elements required for the variance were reasonably based on the evidence.

As the appealing parties, the petitioners have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioners' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioners have not demonstrated reversible error. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**